CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 24, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| Kenneth Roshaun Reid, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:23-cv-00635 |
| | ) | |
| United States, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Roshaun Reid, a federal inmate proceeding *pro se*, filed this action

pursuant to the Federal Tort Claims Act ("FTCA"). Reid complains that he was injured on

June 14, 2023, when a Bureau of Prisons ("BOP") correctional officer struck his knee and

back six times with a metal baton. (Dkt. 1.) Defendant United States filed a motion to dismiss

for lack of jurisdiction. (Dkt. 24.)[1] The United States asserts that the court lacks jurisdiction

to consider the claim because the discretionary function exception to the FTCA's waiver of

sovereign immunity applies. The court agrees and will grant the motion to dismiss.

### I.    Background

Reid is a federal inmate and was housed at U.S. Penitentiary ("USP") Lee at the time

of the incident. (Dkts. 1 at 1, 25-1 ¶ 3.) Reid's complaint is sparse in its factual allegations.

Reid claims he was injured when a BOP correctional officer, Officer Mullins, struck him in

---

[1] This motion is considered a responsive pleading, so the United States has not failed to answer as Reid contends. (Dkt. 29 at 3.)

the knee and back six times, causing a cut on his knee and back injuries.  (*Id.*)  He asserts a claim for monetary damages[2] pursuant to the FTCA.  (*Id.*; Dkt. 29 at 2.)

Defendant United States claims that the court lacks jurisdiction to consider the claim because the United States has not waived its sovereign immunity pursuant to the discretionary function exception to FTCA liability.  (Dkt. 25 at 1.)  Specifically, the United States claims that BOP officers have protected discretion in determining which situations require a physical response and the extent of any such response.  (*Id.* at 6–8.)

## II.    Standard of Review

The United States moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  The plaintiff bears the burden of showing federal jurisdiction on a Rule 12(b)(1) motion.  *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  "The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case."  *Johnson v. North Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012) (citing *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999)).[3]

A defendant can challenge subject matter jurisdiction under Rule 12(b)(1) either by making a facial challenge that the allegations pled in the complaint are not sufficient to establish subject matter jurisdiction or by making a factual challenge that the allegations establishing jurisdiction are not true.  *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir.

---

[2] Reid also asks that Officer Mullins be reprimanded and fired.  (Dkt. 1 at 1.)

[3] Given the paramount importance of the issue, the Fourth Circuit has endorsed raising the issue of jurisdiction in an FTCA case involving the discretionary function exception *sua sponte* and at "at any time."  *See Medina v. United States*, 259 F.3d 220, 223–24 (4th Cir. 2001).

2009). The United States asserts either option would be appropriate here, (Dkt. 25 at 4), because the court is permitted in a factual challenge to treat allegations of the complaint as mere evidence and may consider matters beyond the pleadings without converting the motion to one for summary judgment. *Kerns*, 585 F.3d at 192. A district court should grant a Rule 12(b)(1) motion to dismiss making a factual challenge "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768; *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

## III.    Analysis

This case involves nested exceptions that can be confusing.[4] So, the court begins at the beginning and explains the law here first as simply as possible. Generally, a person injured at the hands of another may sue the wrongdoer. When the alleged wrongdoer (also called the tortfeasor) is a federal employee (as is the case here), the United States is the proper defendant in an FTCA case. *Farnsworth v. Yellen*, No. 7:21-cv-00623, 2022 WL 1912785, at *2 (W.D. Va. June 3, 2022). The United States is entitled to sovereign immunity in a wide variety of circumstances, which protects it from being sued. *See* U.S. Const. amend. XI. Sovereign immunity is a doctrine applied to ensure that the government can keep functioning effectively and with stability. The Fourth Circuit has explained that, "[a] strong doctrine of sovereign immunity is nowhere more important than for damages claims. Money judgments against a

---

[4] Indeed, the Fourth Circuit noted that "[w]hen the D.C. Circuit confronted the discretionary function exception . . . , it noted that '[b]ecause the obscurity of this area is matched only by its wealth of conclusory analytical labels, wading through the relevant case law is surprisingly difficult.'" *Medina*, 259 F.3d at 226.

sovereign allow 'the judgment creditor' to compete with 'other important needs and worthwhile ends . . . for access to the public fisc.'" *Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019). Sovereign immunity applies even when it results in some wrongdoers being shielded from liability. Because of sovereign immunity, the United States can be sued only when it has consented to be sued. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The United States' consent to be sued is referred to as a waiver of sovereign immunity. The United States waived its sovereign immunity by enacting the FTCA. The FTCA permits suits (in some cases) against federal employees when they have injured another person. *See Martin v. United States*, 605 U.S. 395, 400 (2025). Specifically, the FTCA waives the sovereign immunity of the United States for monetary claims "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). This is where Reid's argument ends. His suit essentially says: "I was injured by a federal employee, so I am entitled to compensation."[5]

However, there are exceptions to FTCA's waiver of sovereign immunity (itself an exception).[6] The FTCA does not permit suits when the alleged wrongdoer was engaged in a

---

[5] Reid mistakenly claims that, under the FTCA, "all that must be proven by plaintiff is that [it is] more than likely the defendants caused the injury. Nothing more." (Dkt. 29 at 4.)

[6] "The FTCA is 'cabined by a list of exceptions,' which, when applicable, 'work to defeat the subject matter [jurisdiction] of the federal courts.'" *Head v. Rakowski*, 695 F. Supp. 3d 663, 683–84 (D. Md. 2023) (citing *Blanco Ayala v. United States*, 982 F.3d 209, 214 (4th Cir. 2020)).

discretionary function at the time of his or her alleged wrongdoing.  The FTCA explicitly excepts from its general waiver of sovereign immunity any claim based on the performance of or failure to perform "a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  The discretionary function exception is again based upon the pragmatic determination that damages are not recoverable from the government if the acts complained of involve acts where discretion has been vested in the governmental employee.  *See Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988) ("The basis for the discretionary function exception was Congress' desire to 'prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" (cleaned up)).  The exception removes the ability of the court to determine if that discretion was abused.  When it applies, it shields the United States from liability and even from being sued at all.  *See Medina v. United States*, 259 F.3d 220, 225–26 (4th Cir. 2001) ("Of course, the very purpose of the § 2680(a) discretionary function exemption is to immunize certain agency conduct that might violate state law.").  This is where the United States begins its analysis.  Its motion to dismiss essentially says, "We understand that Reid was injured by a federal employee, and that he asserts a claim under the FTCA.  But Reid cannot bring a suit for damages under the FTCA because the alleged wrongdoer is entitled to immunity under the discretionary function exception; thus the United States is immune from suit.  The immunity means that the United States should not even be required to defend this action on its merits, and the suit should be dismissed at the outset."

With that orientation, the court now applies the generalities above to this case. As discussed briefly above, Reid's complaint and briefing assert only his injury at the hands of a federal correctional officer. The complaint does not describe the circumstances giving rise to the correctional officer's usage of force. Reid's opposition to the motion to dismiss also does not describe the circumstances, although Reid does contend that the force was excessive because he was unarmed and the force injured him. (Dkt. 29 at 3.) Reid asserts that "the officer should have grabbed or tackled the inmates first because officers are trained for hand-to-hand combat." (*Id.*)

The United States, in contrast, provides context for the usage of force, including the submission of a videotape showing the incident. (Dkt. 25 at 2; Dkts. 25-1–25-7.) The United States explains that force was used in connection with the breaking up of a fight between Reid and another inmate in an open area of the prison. (Dkt. 25-1 ¶ 6.) Reid and the other inmate were attacking each other when Correctional Officer Mullins arrived. (*Id.*) Officers instructed the inmates to stop. (*Id.*) Officer Mullins waited for approximately ten seconds, (Dkt. 25 at 2), and then struck Reid several times with a metal baton on the legs after the inmates did not stop fighting, (Dkt. 25-1 ¶ 6). The inmates kept fighting. (*Id.*) Other guards intervened and a chemical spray was deployed, which resulted in the inmates submitting, being cuffed, and Reid being transported to the medical department for care. (*Id.* ¶¶ 6–7.)

Reid does not dispute any of these facts[7] except to assert that the force used was excessive. He asserts that the correctional officer should have used other forms of force other

---

[7] Reid instead claims that he exhausted his complaint prior to filing and that he adequately stated an FTCA claim. (Dkt. 29.) The United States, however, has not argued that Reid failed to exhaust administrative remedies or moved for dismissal under Fed. R. Civ. P. 12(b)(6), so Reid's response is non-responsive to the United States' argument that jurisdiction is lacking.

than or prior to using the metal baton against him.  (Dkt. 29 at 3.)  However, he cites no regulations or protocols or any other source of authority for that contention.

In fact, BOP regulations provide that "[s]taff may immediately use force . . . when the behavior [including assaults on another individual] constitutes an immediate, serious threat to the inmate, staff, others, property, or to institution security and good order."  28 C.F.R. § 552.21(a).  BOP Policy explains that "[i]n an immediate use of force situation, employees may respond with or without the presence or direction of a supervisor."  BOP Policy Statement P5566.07 at 5 (July 17, 2024), https://www.bop.gov/policy/progstat/5566.07.pdf. Regulations further explain that "the use of less-than-lethal weapons, including those containing chemical agents," may be used when "the inmate . . . [c]annot be approached without danger to self or others; and . . . [i]t is determined that a delay in bringing the situation under control would constitute a serious hazard to the inmate or others."  28 C.F.R. § 552.25(a).

A claim is based upon an agency's performance of a discretionary function when two conditions are met: (1) "the challenged governmental conduct involves an element of judgment or choice" because no "statute, regulation, or policy prescribes a specific course of action," and (2) "the judgment was one that the exception was designed to protect, namely, a judgment based on considerations of public policy." *Rich v. United States*, 811 F.3d 140, 144 (4th Cir. 2015).  "[I]f an employee has a 'range of discretion to exercise in deciding how to carry out' an assigned duty, . . . such acts are protected under the discretionary function exception and sovereign immunity is not waived." *Sharrer v. United States*, No. 7:18-cv-00356,

2019 WL 1394376, at *6 (W.D. Va. Mar. 27, 2019) (quoting *United States v. Gaubert*, 499 U.S. 315, 325 (1991)).

"To determine whether conduct by a federal agency or employee fits within the discretionary function exception, we must first decide whether the challenged conduct involves an element of judgment or choice." *Indem. Ins. Co. of N. Am. v. United States*, 569 F.3d 175, 180 (4th Cir. 2009) (cleaned up). In making this determination, courts look to whether "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow" because "the employee has no rightful option but to adhere to the directive." *Id.* (quoting *Berkovitz*, 486 U.S. at 536). If no such directive exists, the conduct involves the exercise of judgment. Here, the regulations explicitly invoke discretion, stating that an officer *may* elect to use force. *See* 28 C.F.R. § 552.21(a).

As this Court previously recognized, "[e]ven though the BOP 'has a policy authorizing the use of force, correctional officers maintain discretion as to determining what situations require a physical force response and the extent of any such response.'" *Moore v. United States*, No. 7:24-cv-00437, 2025 WL 2609440, at *5 (W.D. Va. Sept. 9, 2025) (quoting *Saucedo-Gonzalez v. United States*, No. 7:07-cv-00073, 2007 WL 2319854, at *7 (W.D. Va. Aug. 13, 2007), *report and recommendation adopted*, 2007 WL 2781715 (Sept. 21, 2007)); *see also Davis v. United States*, No. 7:10-cv-00005, 2010 WL 2754321, at *6 (W.D. Va. July 12, 2010) (emphasizing that the permissive "may" language in the use of force regulation demonstrates that the decision to use force involves an element of judgment); *Kaufman v. United States*, 84 F. Supp. 3d 519, 528 (S.D.W. Va. 2015) ("These regulations do not prescribe a course of conduct, but instead allow BOP staff to determine when force is necessary and the appropriate extent of that force, taking

into account the circumstances of each specific situation."), *aff'd*, 601 F. App'x 237 (4th Cir. 2015). Thus, the first prong of the test for the discretionary function exception is met.

As to the second prong of the discretionary function exemption, the Fourth Circuit has instructed that "if a government employee has discretion under the first *Gaubert* prong, it 'must be presumed' that his acts 'are grounded in policy when exercising that discretion.'" *Medina*, 259 F.3d at 228 (quoting *Bernaldes v. United States,* 81 F.3d 428, 429 (4th Cir.1996)). Under the second prong, "[d]ecisions about when and how to intervene in an inmate fight are part and parcel of the inherently policy-laden endeavor of maintaining order and preserving security within our nation's prisons." *Davis*, 2010 WL 2754321, at *7 (cleaned up). "A correctional officer's decision as to how to respond to an inmate's aggressive and/or threatening behavior must balance the potential risk to the inmate during a physical confrontation as well as the potential security threat a violent and aggressive inmate poses to staff and other inmates." *Saucedo-Gonzalez*, 2007 WL 2319854, at *7; *see also Lancaster v. USP Hazelton*, 742 F. App'x 724, 725 (4th Cir. 2018) (per curiam) (affirming district court's dismissal of inmate's FTCA assault and battery claim based on the discretionary function exception after reviewing the video surveillance of the incident in question). Thus, a correctional officer's "decision about using force to break up an inmate fight is grounded in decisions of public policy, and the second prong of the discretionary function exception applies." *Moore*, 2025 WL 2609440, at *5; *see also Saucedo-Gonzalez,* 2007 WL 2319854, at *7; *Alfrey v. United States,* 276 F.3d 557, 565–67 (9th Cir. 2002) (finding that correctional officers have discretionary function in determining how to respond to inmate threats and in how to search an inmate's cell); *Horta v. Sullivan,* 4 F.3d 2, 18 (1st Cir. 1993) (stating that although police officers were required to

follow certain rules pertaining to high speed police pursuits, because police officers retained discretion over how, when, and in what circumstances to continue to pursue a suspect, which invoked public policy concerns, police officers were acting in a manner consistent with discretionary function and, therefore, were not liable under the Massachusetts Tort Claims Act).

Although the court's determination that this action must be dismissed at its outset may seem harsh, preliminary dismissals are mandated. *See Medina*, 259 F.3d at 223–24 (noting the court "must be assured that Congress has waived sovereign immunity" before proceeding to the merits of a claim). Here, the facts giving rise to the usage of force are not disputed. The correctional officer was responding to a physical altercation between inmates and used force to gain control. Those undisputed facts, which would not be altered by further factual development,[8] indicate the discretionary function applies. *See Moore*, 2025 WL 2609440, at * 5 (granting motion to dismiss for lack of jurisdiction when disputed facts would not alter the conclusion that the officer accused of excessive force acted in response to an inmate altercation); *see also Rich*, 811 F.3d at 146 (upholding dismissal of failure to protect claim for lack of jurisdiction when "no facts that Rich could uncover in discovery would establish jurisdiction" because discretionary function exception applied). Reid contends only that Mullins abused his discretion in applying too much force, and that issue falls squarely within the discretionary function exception. The exception protects such acts by its explicit terms "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

---

[8] This is not a case in which the motive of the alleged wrongdoer is disputed, such as when an inmate claims he was attacked for no reason other than revenge and the accused wrongdoer claims he was enforcing rules. *Cf. Saucedo-Gonzalez*, 2007 WL 2319854, at *8 (denying summary judgment because of dispute over officer's motives in applying force).

- 10 -

As the party invoking federal jurisdiction, Reid bears the burden of establishing that federal jurisdiction is appropriate. *Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768. More specifically, "[b]ecause waivers of sovereign immunity must be strictly construed, the plaintiff bears the burden of demonstrating jurisdiction and showing that none of the FTCA's exceptions apply." *Wood v. United States*, 845 F.3d 123, 127 (4th Cir. 2017). Reid has failed to do so here. Merely alleging the fact of his injury at the hands of a federal employee is not sufficient to establish federal jurisdiction over this case.

### IV.    Conclusion and Order

For the above-stated reasons, the court **GRANTS** Defendant United States' motion to dismiss this action for lack of jurisdiction, (Dkt. 24), and the Clerk may close this case.

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Reid.

**IT IS SO ORDERED**.

**ENTERED** this 24th day of March, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE